THE STATE v. JOHN STEPHENSON AND EDWIN S. CABLER.

An indictment for an assault and battery upon a slave, alleged to be the property of another, is good; if there are circumstances and relations which would justify the act, it is incumbent on the defendant to show them in his defence.

Under the Code of Criminal Procedure, it is not necessary for the State to assign errors in the Court below.

Appeal from Washington. Tried below before the Hon. R. E. B. Baylor.

The facts are stated in the Opinion.

*Attorney General,* for appellant. It is only necessary to refer, as authority in this case, to Chandler v. The State, 2 Tex. R. 305, and Nix. v. The State, 13 Id. 575.

*Shepard & Rogers,* for appellees. There is no assignment of errors, and the indictment was found before the enactment of the new Code. (State v. Cartwright, 10 Tex. R. 280.)

The act is not of itself unlawful. They may have had the right to inflict chastisement, as hirers or overseers. (Wharton, Cr. Law, 117; Hawkins' Pleas of the Crown, B. 2, Ch. 25, Sec. 57.)

ROBERTS, J. This is an indictment in common form for an assault and battery upon a slave, Malissa, the property of Linsay P. Rucker, found at the Fall Term, 1856, of the District Court of Washington county; charging the offence to have been committed in August, 1856.

Defendants filed an exception " that it does not appear from the face of said indictment, that any offence against the law was committed by these defendants." The Court sustained the exception, and the State by N. W. Battle, District Attorney, excepted to the decision, and gave notice of appeal to the Supreme Court.

The reason by which appellees seek to maintain their defence, is that the act of whipping a slave is not in itself criminal; but may be so under certain circumstances and relations; which being omitted in this case vitiates the indictment. (Wharton, Cr. Law, 117; Hawkins, P. C. B. 2, C. 25, Sec. 57.)

This, however plausible the position on first view, will be found, upon consideration, to be predicated on the idea, that a slave is property only, as a horse or any other domestic animal. If we recognize in the slave personal rights, an assault and battery, by one not the owner, is *prima facie* an invasion of them. Upon the contrary hypothesis every white person would have *prima facie* the right to whip any slave; which is a principle not recognized either by the public opinion and usage, or by the laws of the country.

This Court has had this subject in review, and in accordance with the uniform decisions of the States, where the institution of slavery prevails, it has been decided that slaves are to be regarded as persons in respect to the criminal law. They say that " at the same time that the legislation of this country makes certain

The State v. Stephenson.

distinctions between slaves and freemen, respecting particular crimes and offences, it is not perceived, that where not otherwise provided, or where the relations arising out of the institution of slavery, do not necessarily imply the reverse, the general laws providing for the punishment of crimes do not equally apply to both." (Chandler v. State, 2 Tex. R. 309; see also Nix v. State, 13 Id. 575.)

In this case there is no statute varying the Common Law; and the indictment does not show any peculiar relation between the defendants and the slave, from which it could be necessarily implied, that they had a right to do the act complained of.

The indictment negatives any inference of the existence of the right, by averring that the slave was the property of Linsay P. Rucker.

The principle that the slave has personal rights being established, it is somewhat like an assault and battery upon a child, a ward, or an apprentice.

It has ever been held that it is incumbent on the parent, guardian, and master of an apprentice, to show the circumstances and relations, which would justify an act of violence. And from this it would necessarily follow, that they need not be negatived by averments in the indictment.

Appellee's argument would apply with equal force to those cases as to this, and therefore it proves too much. We think the indictment is good.

The question is raised by appellees, that there is no assignment of errors filed below by the State. It will be seen that although the offence was charged to have been committed before the Criminal Code went into operation, the trial took place afterwards. It was held at the last Term at Tyler, that under the Code it is not necessary for the State to assign errors in the Court below.

Judgment reversed and cause remanded.

         Reversed and remanded.